# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JEFFREY ANTONIO BROWN, | : | |
| Petitioner, | : | Case No. 3:08cv00477 |
| vs. | : | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| TIMOTHY BRUNSMAN, Warden,<br>Lebanon Correctional Institution, | : | |
| | : | |
| Respondent. | : | |
| | : | |

# REPORT AND RECOMMENDATIONS[1]

## I.  Introduction

Petitioner Jeffrey Antonio Brown, an inmate in state custody at the Lebanon Correctional Institution, brings this case *pro se* seeking a writ of habeas corpus under 28 U.S.C. §2254. The Court previously conducted a *sua sponte* review of Brown's habeas Petition as required by Rule 4 of the Rules Governing Section 2254 Cases and concluded that it did not plainly appear from the face of the Petition and any exhibits attached thereto that Brown was not entitled to relief. (Doc. #3). The Court therefore directed Respondent to file and Answer or otherwise respond to the Petition. *Id*.

Before Respondent's Answer was due the Court granted Brown's Motion to Hold Action in Abeyance (Doc. #6) thus permitting him to exhaust claims he had previously raised in the Ohio courts in a petition for post-conviction relief.

Now, having concluded his attempts to exhaust his claims in the Ohio, Brown has

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

returned to this Court seeking to raise additional claims.

The case is presently pending upon Brown's Motion to Remove Stay (Doc. #9). Brown's Motion is well taken and should be granted because it appears that he has concluded his attempts to litigate his claims in the Ohio courts and because Respondent has not opposed or otherwise responded to Brown's Motion.

The case is also pending on Brown's Motion to Amend Habeas Petition (Doc. #10), Respondent's Memorandum in Opposition (Doc. #11), Brown's Reply (Doc. #13), and the record as a whole.

Respondent acknowledges that Brown's original habeas Petition was filed within the statute of limitations. (Doc. #11 at 3[2]). But Respondent contends that nearly all of Brown's proposed new claims are barred by the applicable one-year statute of limitations. Brown contends that all his proposed new claims are timely, and he therefore should be permitted to include them in an amended habeas Petition.

## II. Background

### A. State Proceedings

In February 2006 a jury in the Montgomery County, Ohio Court of Common Pleas found Brown guilty of two counts of felonious assault with a firearm specification, one count of aggravated burglary with a firearm specification, and having a weapon while under a disability. (Doc. #4 at 1). The Court sentenced Brown to a nineteen-year term of incarceration. *Id*.

The Ohio Court of Appeals affirmed Brown's convictions on his direct appeal. (Doc. #4 at 2). Brown sought further review in the Ohio Supreme Court, but on October 3, 2007, that Court declined to exercise jurisdiction. *Id*. Brown did not seek certiorari review in the United States Supreme Court within the ninety-day window for seeking such

---

[2] Citations the specific page number in a document of record refer to the page number assigned by the Court's Case Management Electronic Case Filing system.

review. (Doc. #4 at 3).

Meanwhile, Brown had also returned to the Ohio Court of Appeals on August 1, 2007 by filing an Application to Reopen Appeal under Ohio R. App. P. 26(B). (Doc. #4 at 3). The Ohio Court of Appeals denied Brown's Application on September 20, 2007, stating:

> The application is untimely and lacks a showing of good cause for untimely filing.
>
> The application lacks a sworn statement of the basis for the claim that appellate counsel's representation was deficient and the manner in which the deficiency prejudicially affected the outcome of the appeal.

(Doc. #11, Exhibit 2).

Brown filed an Application for Reconsideration, which the Ohio Court of Appeals overruled on October 16, 2007. (Doc. #4 at 4-5).

On November 28, 2007, Brown returned to the Montgomery County Court of Common Pleas with a "Delayed Petition to Vacate, Set Aside Sentence." (Doc. #4 at 4). The Common Pleas Court dismissed Brown's Petition on February 7, 2008 because it was "untimely filed." (Doc. #11, Exhibit 4).

Brown challenged the Common Pleas Court's decision in the Ohio Court of Appeals. In its Decision, the Ohio Court of Appeals explained:

> In a single assignment of error, Brown argues that the trial court erred in dismissing his petition. *He concedes he did not file his petition within the 180-day time limit provided in R.C. 2953.21(A)(1)*, but he argues it was nonetheless timely under the exception of R.C. 2953.21(A)(1) pursuant to R.C. 2953.21(A)(2). Brown contends that he was unavoidably prevented from discovering the evidence that would have contradicted the State's justification for applying the triple-count provisions of Ohio's Speedy Trial Statute....

(Doc. #11, Exhibit 5) (emphasis added). On March 13, 2009, the Ohio Court of Appeals overruled Brown's assignment of error and affirmed the trial court's judgment. *Id.*

The Ohio Supreme Court declined to exercise jurisdiction on July 29, 2009. (Doc.

#11, Exhibit 6). The present record does not reveal whether or not Brown sought review in the U.S. Supreme Court.

> **B. Brown's Federal Habeas Petition**

Brown's filed his habeas Petition on December 29, 2008 raising the following Grounds for Relief with many supporting arguments:

Ground One: Petitioner was denied due process and equal protection of the law as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and Article I §16 of the Ohio Constitution, when the Court of Appeals denied my application to reopen my direct appeal due to untimely filing after I submitted additional proof in a motion for reconsideration that I met the time deadline by delivering my application to the prison "mailbox" before the 90 day time limit for filing App. R. 26(B) application expired....

Ground Two: Issues that would have been presented pursuant to App. Rule 26(B).

  A. Appellate counsel denied petitioner his constitutional right to the effective assistance of counsel and was not functioning as the 'Counsel' guaranteed by the Sixth and Fourteenth Amendments and Article I §10 of the Ohio Constitution, when he failed to file transcript of motion to dismiss hearing for speedy trial held December 12-13, 2005 in the Court of Appeals....

  B. Appellate counsel was ineffective for failing to raise as an assignment of error, that the trial court denied Appellant his right to the due process of a fair trial guaranteed by the Sixth and Fourteenth Amendments and Article I §10, when he allowed prosecutor misconduct throughout the course of the entire trial....

  C. The trial court and the prosecutor denied Appellant his constitutional right to speedy trial when they delayed to dismiss an indictment that they knew or should have known that Appellant had never been arrested for, nor charged with the crime of drug possession on the date alleged in the indictment in order to gain a 270 day time limit for speedy trial advantage on unrelated indictment while appellant was in jail in lieu of bail on first indictment, affecting the triple count provision of R.C. 2945.71(E) violating U.S.C.A. 5, 6, 14 and Ohio Constitution Article I §10....

D. Appellant counsel was ineffective for failing to raise as an argument of error that the trial court denied Appellant his constitutional right to due process by allowing Appellant['s] case to proceed to trial without ruling on defense Crim. R. 29 motion after the state rested, contrary to Crim. R. 29(A) violating U.S.C.A. 5, 6, 14 and Article I §10 of the Ohio Constitution....

E. The trial court violated Appellant's constitutional right in violation of U.S.C.A. 5, 6, 14 and Article I §10 of the Ohio Constitution to counsel when it constructively denied counsel to Appellant during sentencing subjecting him to hybrid representation....

F. Appellant['s] counsel was ineffective for failing to raise in his ineffective assistance of trial counsel issue on direct appeal that trial counsel was ineffective and was not functioning as the 'Counsel' guaranteed the Appellant by the Sixth and Fourteenth Amendment's of the United States Constitution and Article I §10 of the Ohio Constitution, (1) when he failed to subpoena alibi witness, (2) failed to object to prosecutor misconduct, (3) made promises to the jury in opening statements that he failed to keep, (4) failed to provide case law to the court concerning the grand jury testimony of witness who testified for second indictment, (5) failed to request jury instruction on his accomplice theory, (6) failed to request jury instructions on identification, (7) failed to request that defense witness answer be stricken from the record and caution jury to disregard answer....

G. Appellant counsel was ineffective for failing to raise as an assignment of error that the trial court denied Appellant his constitutional right to due process when he overruled motion to dismiss indictment and oral motion for grand jury testimony of witness who testified before grand jury a second time in order to indict petitioner on additional charges in ('B') indictment in violation of U.S.C.A. 5, 6, 14 and Ohio Constitution article I §10....

Ground Three: Trial court['s] failure to grant petitioner's motion to dismiss in contradiction to Ohio's speedy trial statute violated petitioners' due process and deprived him of his constitutional right to the Sixth and Fourteenth Amendments to the United States Constitution and Article I §10 and of the Ohio Constitution....

Ground Four: Trial court erred when admitting unreliable identification testimony into evidence which deprived petitioner of due process guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and Article I §10 of the Ohio Constitution....

| | |
|---|---|
| Ground Five: | Trial court abused its discretion in refusing to allow expert testimony to rebut the testimony of a key witness of the prosecution which deprived petitioner of his due process right to present a witness in his own defense.... |
| Ground Six: | Petitioner was denied due process of law as the verdict was based on insufficient evidence.... |
| Ground Seven: | Trial court imposition of consecutive and maximum sentences were unconstitutional and in violation of petitioner's Sixth and Fourteenth Amendment rights and Article I §10 of the Ohio Constitution to a jury trial.... |
| Ground Eight: | Defense counsel's cumulative error during trial deprived petitioner of the effective assistance of counsel and his due process rights to a fair trial guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution.... |

(Doc. 4)(Attached Memo at 8-29).

### C. Proposed Amended Habeas Petition

Brown seeks to raise the following additional grounds for relief in his proposed Amended Habeas Petition:

| | |
|---|---|
| Ground Nine: | The trial court committed reversible error and denied appellant statutory due process to post conviction relief in contradiction to Ohio's post-conviction statute as conferred by R.C. 2953.21(A)(2) as provided in section R.C. 2952.23(A)(1) when it dismissed Appellant's petition as untimely violating the [sic[3]].... |
| Ground Ten: | The trial court committed reversible error and abused its discretion and denied Appellant his statutory due process rights to post-conviction relief as conferred by R.C. 2953.21 thru 2953.23 in finding Appellant's petition as untimely when it failed to review and consider Appellant's sworn affidavit attached in support of the petition violating the Ohio and United States Constitution.... |

---

[3] Proposed Ground Nine ends here but is followed by eight pages of Brown's supporting facts and/or arguments.

Ground Eleven: Appellate Court violates Appellant's due process rights to the Ohio and United States Constitutions when it failed to determine timeliness under R.C. 2953.23....

Ground Twelve: Appellate Court violates due process rights to the Ohio and United States Constitutions when it treats remaining assignments of error as moot or irrelevant after deciding case on different issue App.R.12(A)....

Ground Thirteen: The Court of Appeals sua sponte overruling without opposition from the State Prosecutor to Appellant's 26(A) Application violated the Ohio Constitution Art. I & 16, and the United States Constitution Amendment 14 after calling to the court['s] attention obvious error....

Ground Fourteen: The Court of Appeals sua sponte overruling without objection of the State's trier of the facts violated Ohio R.C. 2953.21(C)(E) and (G)....

Ground Fifteen: The Court of Appeals erred in determining in favor of the State that the triple-count provision of Ohio R.C. 2945.71(E) did not apply to Appellant's case, and did not warrant reconsideration on the merits....

Ground Sixteen: When a Court of Appeals refuses to pass upon properly submitted assignments of error in writing, even after being advised of the error in a 26(A) application, the Appellant is denied due process and equal protection of the law in the appeals process requiring reversal....

(Doc. #10, proposed Amended Petition attached).

### III. Discussion

#### A. Are Brown's Proposed New Claims Time Barred?

The parties' present disagreements arise from the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA). Respondent contends that Brown's new claims raised in his proposed Amended Petition are time barred. Brown contends his new claims are timely.

The AEDPA requires a state prisoner to file his habeas corpus Petition within one year from the conclusion of his state appeal. 28 U.S.C. §2244(d)(1). This one-year period

7

begins to run from the latest of the following:

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution ... is removed....;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable...;

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

 On October 3, 2007, the Ohio Supreme Court dismissed Brown's direct appeal. (Doc. #11, Exhibit 1). He then had ninety days – until January 2, 2008 – to file a petition for writ of certiorari in the United States Supreme Court. He did not seek certiorari review. As a result, the AEDPA's one-year statute of limitations began to run on January 3, 2008.[4] *See Sherwood v. Prelesnik*, 579 F.3d 581, 585 (6th Cir. 2009).

 Brown filed his original Petition in late December 2008, before the one-year statute of limitations expired. His original Petition was therefore timely filed, as Respondent correctly acknowledges. (Doc. #11 at 3).

 Yet Brown did not file his Motion to Amend his habeas Petition until December 2009, well beyond the one-year limitations period. Brown argues that his claims are not time barred because the statute of limitations was tolled by the petition for postconviction relief he filed and litigated in the Ohio courts. (Doc. #13 at 6-7).

 Respondent contends that Brown's petition for postconviction relief, filed under Ohio Rev. Code §2953.21, had no tolling effect because the Ohio courts found it untimely

---

[4] Respondent correctly calculates that ninety days passed between October 3, 2007 and January 1, 2008. However, because January 1, 2008 was a legal holiday, Petitioner had an additional day, until January 2, 2008 to seek certiorari review, *see* Fed. R. Civ. P. 6(a)(3)-(4) (effective Dec. 1, 2007), and consequently the limitations period began to run the next day, January 3, 2008.

8

and hence not properly filed.

The AEDPA permits tolling of its one-year statute of limitations as follows:

> The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(2) (emphasis added).

To be timely, Ohio law required Brown to file his petition for postconviction relief no later than 180 days from the date the criminal transcript was filed in the Ohio Court of Appeals on his direct review. Ohio Rev. Code §2953.21(A)(2); *see Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). The trial court determined that Brown's postconviction relief petition was filed more than 537 days late. (Doc. #11, Exh. 4 at 7). The trial court then discussed and rejected each of the possible exceptions to the 180-day limitations period contained in Ohio Rev. Code §2953.23 and thus held that Brown's petition was untimely. In so doing the trial court addressed, in part, the constitutional-error exception in Ohio Rev. Code §2953.23(A)(1)(b), which the plain language of this statute required Brown to satisfy. Specifically, the trial court found, "Defendant has not shown by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found Defendant guilty of the charges presented at trial." (Doc. #11, Exh. 4 at 7).

Brown contends that when reviewing the trial court's decision, the Ohio Court of Appeals failed "to determine the timeliness of the petition on its de novo review and failed to make a 'plain statement' requirement as to the timeliness of the petitioner under Harris v. Reed, 489 U.S. 255, 258-66 (1989)...."[5] (Doc. #13 at 6). Brown's contentions lack

---

[5] Brown appears to rely on the "plain statement rule" described in *Harris*: "if 'it fairly appears that the state court rested its decision primarily on federal law,' this Court may reach the federal question on review unless the state court's opinion contains a 'plain statement' that [its] decision rests upon adequate and independent state grounds.'" *Harris*, 489 U.S. at 261, 109 S.Ct. at 1042 (citations and footnote omitted).

merit.

Brown conceded in the Ohio Court of Appeals that his petition was not filed within the 180-day time limit. *See* Doc. #4, Exh. 5 at 10. This led the Ohio Court of Appeals to consider Brown's arguments that the statutory exceptions in Ohio Rev. Code §2953.21(A)(1)(a) excused his late filing. *Id*. at 10-13. The Ohio Court of Appeals concluded, in part, that the trial court had "properly overruled Brown's petition because he failed to demonstrate that his constitutional rights under the Ohio or United States Constitutions have been violated such as to render his conviction void or voidable. See R.C. 2953.21(A)(1)(a)." (Doc. #11, Exh. 5 at 12-13). Contrary to Brown's contentions, this conclusion – when read in context – constituted a plain statement concerning the time bar he faced because it directly related to the issue of whether any of the exceptions to the 180-day time limit applied to Brown's petition. This is seen in the Ohio Court of Appeals' citation to the exception statute, Ohio Rev. Code §2953.21(A)(1)(a), and throughout the Ohio Court of Appeals' decision, which concerned whether the trial court's dismissal of Brown's petition as untimely should be affirmed or reversed. Because of this, the Ohio Court of Appeals' effectively dismissed Brown's postconviction as untimely under Ohio procedural law. This likewise means that Brown's postconviction petition was not "properly filed" within the meaning of 28 U.S.C. §2244(d)(2) and did not toll the running of the applicable one-year statute of limitations.

Brown contends that in *Sherwood v. Prelesnik*, 579 F.3d 581, 585 (6th Cir. 2009) (citing *Brooks v. Walls*, 301 F.3d 839, 841 (7th Cir. 2002) the Sixth Circuit essentially agrees with him "that petitions untimely under state rules nonetheless may be deemed properly filed." (Doc. #13 at 5). Brown's reliance on *Prelesnik* is misplaced for two reasons. First, the state postconviction petition at issue in *Prelesnik* – unlike Brown's – was timely filed in state court, and it was therefore properly filed and tolled the AEDPA's statute of limitations. *Prelesnik*, 579 F.3d at 586–87. Second, Brown is correct (in part)

that the following quote appears in a *Prelesnik* footnote – "*Brooks v. Walls*, 301 F.3d 839, 841 (7th Cir. 2002) ... held that 'petitions untimely under state rules nonetheless may be deemed 'properly filed,'" *Prelesnik*, 579 F.3d at 587, n.1. This footnote, however, does not aid Brown. *Prelesnik* explained that *Brooks v. Walls* abrogated the case[6] where this rule appears. *See id*. And studying *Brooks* confirms that an untimely petition may not be deemed "properly filed." *See Brooks*, 301 F.3d at 840 ("to be 'properly filed' an application for collateral review must satisfy the state's timeliness requirements. This means that decisions such as ... *Emerson*..., to the extent they hold that petitions untimely under state rules nonetheless may be deemed 'properly filed,' were wrongly decided.").

Lastly, Brown's Rule 26(B) Application to Reopen Appeal did not toll the statute of limitations because the Ohio Court of Appeals denied it as untimely and unsupported by a showing of good cause for the untimely filing. *See* Doc. #11, Exh. 2. Consequently, Brown's Rule 26(B) Application was not "properly filed" within the meaning of §2254(d)(2) and did not toll the AEDPA's statute of limitations. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814 161 L.Ed.2d 669 (2005)("Because the state court rejected petitioner's [postconviction relief] petition as untimely, it was not 'properly filed,' and hence he is not entitled to statutory tolling under §2244(d)(2).").

Accordingly, Brown's new claims are time barred unless either equitable tolling applies or his new claims relate back to the date of his original Petition.

### B.      Does Equitable Tolling Apply?

"Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman*, 346 F.3d at 604. Equitable tolling does not rescue Brown's proposed amended claims untimeliness, because the record contains no indication that he lacked either actual or constructive knowledge of the AEDPA's limitation period and does not indicate that he

---

[6] *Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001),

11

was diligent in pursuing these claims. In these circumstances, equitable tolling does not assist him in avoiding the AEDPA's one-year statute of limitations. *See id.* at 604-05.

Accordingly, the AEDPA's one-year statute of limitation bars Brown's proposed new claims. Yet there still remains another possible safe haven for his new claims if he can show that his proposed new claims relate back to his original timely-filed habeas Petition.

### C. Do Any of Brown's New Claims Relate Back to His Original Petition?

Rule 15 of the Federal Rules of Civil Procedure addresses amended pleadings and applies to federal habeas corpus cases. *See* Rule 12, Rules Governing Section 2254 Cases, 28 U.S.C. §2254, foll. (effective Dec. 1, 2009).

Fed. R. Civ. P. 15(c)(1)(B) permits an amended pleading to relate back to the date of the original pleading when the amended pleading "asserts a claim or defense that arose out of the conduct, transaction or occurrence set out – or attempted to be set out – in the original pleading." In the context of federal habeas corpus, Rule 15(c)(1)(B)'s phrase "conduct, translation, or occurrence" does not broadly refer to the same "trial, conviction, or sentence" challenged by the original habeas petition. *See Mayle v. Felix*, 545 U.S. 644, 664, 125 S.Ct. 2562, 2575, 162 L.Ed.2d 582 (2005). "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Id.* (footnote omitted). But "[a]n amended habeas petition ... does not relate back (and thereby escape the AEDPA's one-year time limit) when it seeks a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Felix*, 545 U.S. at 650, 125 S.Ct. at 2566; *see Wiedbrauk v. Lavigne*, 174 Fed. Appx. 993, 1001-02 (6th Cir. 2006).

Respondent contends that Brown's new claims in his proposed amended Petition are not tied to a common core of operative facts with his original eight claims so as to save his new claims from the statute of limitations.

Brown's claims nine, ten, eleven, and fourteen each seek to challenge the

12

proceedings in the Ohio courts concerning his petition for postconviction relief under Ohio Rev. Code §2953.21. In contrast, none of Brown's claims in his original Petition concern those same state proceedings. Consequently, Brown's new claims nine, ten, eleven, and fourteen are not tied to the same operative facts at issue in his original Petition and do not relate back to his original Petition. These claims are therefore time barred. *See Felix*, 545 U.S. at 664, 125 S.Ct. at 2575.

Similarly, Brown's claim twelve challenges the Ohio Court of Appeals' decision concerning his §2953.21 postconviction relief petition. *See* Doc. #10, Proposed Amended Petition at 13-15. This claim therefore does not arise from the same core of operative facts as his original claims and does not relate back to Brown's original Petition. *See Felix*, 545 U.S. at 664, 125 S.Ct. at 2575.

Brown's claims thirteen and sixteen address the Ohio Court of Appeals' decision on his Motion for Reconsideration he filed on March 25, 2009 challenging the Ohio Court of Appeals' decision on March 13, 2009. (Doc. #10, Proposed Amended Petition at 15-16, 20-21). The Ohio Court of Appeals denied Brown's Motion for Reconsideration on July 22, 2009. *Id*. at 16, 21. Because claims thirteen and sixteen concern the Ohio Court of Appeals' Decisions in March and July 2009, especially the manner in which the Ohio Court of Appeals reached those decisions, these claims focus on events and Decisions that occurred after Brown filed his federal habeas Petition (in December 2008). These claims, therefore, do not arise from the same core of operative facts as his orginal claims and do not relate back to Brown's original Petition. Claims thirteen and sixteen are therefore untimely. *See Felix*, 545 U.S. at 664, 125 S.Ct. at 2575.

To Respondent's credit, he correctly "concedes that claim fifteen relates back to the original petition and can be added to the petition." (Doc. #11 at 9-10).

In sum, Brown's proposed claims nine, ten, eleven, twelve, thirteen, fourteen, and sixteen do not relate back to his original Petition. These claims are therefore barred by the AEDPA's one-year statute of limitations and, as a result, permitting Brown to Amend his

original Petition to add these claims would be futile. *See Wiedbrauk v. Lavigne*, 174 Fed. Appx. 993, 1001-02 (6th Cir. 2006) (applying *Mayle v. Felix*); *see also Oleson v. United States*, 27 Fed. Appx. 566, 571 (6th Cir. 2001)(28 U.S.C. §2255 case: denying motion to amend under Rule 15 where amendment would be futile).

Because Brown's claim fifteen relates back to his original Petition it is not time barred, and Brown should be permitted to add claim fifteen to his original Petition.

## IT IS THEREFORE RECOMMENDED THAT:

1. Brown's Motion to Remove Stay (Doc. #9) be GRANTED and the case be re-opened on the docket of this Court;

2. Brown's Motion to Amend Habeas Petition (Doc. #10) be GRANTED in part as to Brown's new claim fifteen, which he should be permitted to add to the claims raised in his original Petition; and

3. Brown's Motion to Amend Habeas Petition (Doc. #10) be DENIED in remaining part.

May 3, 2010

                                                  s/ Sharon L. Ovington
                                                  Sharon L. Ovington
                                            United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).