# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

JEFFREY ANTONIO BROWN,      **:**

      Petitioner,      **:**      Case No. 3:08cv00477

  vs.      **:**      District Judge Timothy S. Black
                  Magistrate Judge Sharon L. Ovington

WARDEN, Lebanon Correctional      **:**
Institution,

                            **:**

      Respondent.

                            **:**

---

# REPORT AND RECOMMENDATIONS[1]

---

Previously in this case, the undersigned judicial officer issued a Report and Recommendations explaining that the claims Brown raised in his habeas corpus petition provided no basis for granting him relief under 28 U.S.C. §2254. The Report therefore recommended that his petition be denied and dismissed. (Doc. #s 49, 50). Brown filed timely Objections. (Doc. #58). Upon de novo review, United States District Judge Timothy S. Black overruled Brown's Objections, adopted the Report and Recommendations, denied and dismissed Brown's habeas petition, and entered Judgment against him. (Doc. #60).

Brown remains incarcerated in state custody based on a criminal judgment entered

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

against him in 2009 in the Montgomery County, Ohio Court of Common Pleas. His convictions include two counts of felonious assault with a firearm, having a weapon while under a disability, and aggravated burglary. He is serving a total prison sentence of nineteen years.

This case is now before the Court upon Brown's Motion for Reconsideration (Doc. #62), Respondent's Memorandum in Opposition (Doc. #63), Brown's Response (Doc. #64), and the record as a whole.

Brown's Motion for Reconsideration is, essentially, a motion to alter or amend judgment under Fed. R. Civ. P. 59. *See Moody v. Pepsi-Cola Metropolitan Bottling Co., Inc.*, 915 F.2d 201, 206 (6th Cir. 1990). "The purpose of Rule 59 . . . is to allow the district court to correct its own errors." *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988) (citation omitted). Rule 59 does not permit a party to raise new arguments that could have been raised before judgment. *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). "In other words, 'Rule 59 . . . allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" *Hough v. Carlton*, 339 Fed.Appx. 520, 525 (6th Cir. 2009) (quoting *Howard*, 533 at 475; other citation omitted).

To obtain an alteration or amendment of the Judgment previously entered against him, Brown must show: "'(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Henderson v. Walled Lake Consol. Schools*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).

Brown contends that reconsideration is warranted because the Report and Recommendations did not address several issues. He maintains that the Report "failed to ascertain if the United States District Court has jurisdiction if the state court had never produced a valid final appealable order under state and federal 'due process of law.'" (Doc. #64, PageID #2300). This omission, according to Brown, creates "the issue of standing, first from the standpoint of the Ohio Court of Appeals . . . and second [from the standpoint of] this court's jurisdiction to review the merits of the grounds in the Petition without determining the standing issue first, violating Petitioner's constitutional right to due process of law, fundamental fairness and substantial justice . . . ." (Doc. #62 at PageID #2289). He further explains, "this Court does not have standing to review the claims because the Ohio . . . Appellate . . . Court did not have jurisdiction to affirm or review [his] assignment of errors. 'If a court acts without jurisdiction, the any proclamation by that court is void.'" (Doc. #64, PageID #2302)(quoting, in part, *State ex rel. Ohio Democratic Party v. Blackwell*, 111 Ohio St.3d 246, 248 (2006)).

With these arguments, Brown attempts to justify reconsideration by showing either a "clear error of law" or the "need to prevent manifest injustice.'" *Henderson*, 469 F.3d at 496. His contentions fall short because his premise – that the Ohio Court of Appeals acted without jurisdiction – lacks merit. No state court has found the judgment or orders entered against Brown in state court to be void. This goes for both the original judgment in the Montgomery County, Ohio Court of Common Pleas, *see* Doc. # 20, Exhibit 7, and the Ohio Court of Appeals' subsequent decisions. Brown, moreover, has not shown that

state trial court's original judgment was (or is) void and, as a result, he has not shown that the Ohio Court of Appeals lacked jurisdiction over his direct appeal. *See* Doc. #s 62, 64.

In addition, Brown previously raised his void-judgment contentions in support of his motion for an evidentiary hearing. He argued, in part, that the state trial court's judgment was void because it failed to comply with Ohio R. Crim. P. 32. The Court previously rejected this argument in part because he had neither raised this argument in state court nor established in state court that the trial court's judgment was void. (Doc. #45 at PageID #s 1994-95). These reasons apply equally to Brown's motion for reconsideration. As a result, his void-judgment contentions do not show a clear error of law and do not trigger any other possible ground under Rule 59 to warrant reconsideration. *See Hough*, 339 Fed.Appx. at 525 (quoting *Howard*, 533 at 475: "In other words, 'Rule 59 . . . allows for reconsideration; it does not permit parties to effectively 're-argue a case.'").

Brown next asserts that the Report "never determined if the state courts produced a final appealable order in this case." (Doc. #64, PageID #2300). This contention derives from his belief that both the trial court's criminal judgment and the Ohio Court of Appeals' decision were (and are) void. Yet, because he previously argued in this case – without success – that the trial court's judgment was void, his claim to the lack of a final appealable order in the Ohio courts lacks merit and does not show a clear error of law or any other basis for reconsideration under Rule 59. *See Hough*, 339 Fed.Appx. at 525.

Brown further contends that the Report and Recommendations "never addressed

4

the right of a Petitioner to challenge the jurisdiction over the Court at any time." (Doc. #64, PageID #2300). This Court, of course, must have subject matter jurisdiction over this case. "'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998)(quoting *Ex parte McCardle*, 7 Wall.506, 514, 19 L.Ed. 264 (1868)). Subject matter jurisdiction has existed throughout the present case. *See* 28 U.S.C. §§2241, 2254(a); *cf. Gentry v. Deuth*, 456 F.3d 687, 696 (6th Cir. 2006)("Congress . . . has seen fit to empower the federal courts to dispose of habeas matters as 'law and justice require.' . . . Federal courts have been given 'broad discretion in fashioning habeas corpus relief. . . ." (brackets omitted)). Yet, Brown's belief in the void nature of the state criminal judgment against him does not show a lack of subject matter jurisdiction in this case and does not reveal any valid reason for reconsideration under Rule 59. He remains in custody under a valid state criminal judgment, regardless of how he frames his void-judgment contentions, subject matter jurisdiction has been omnipresent in this case.

Lastly, Brown contends that reconsideration is warranted because he was not provided with an evidentiary hearing before his petition was denied and dismissed. Yet, because Brown was not entitled to an evidentiary hearing in this case, *see* Doc. #45; *see also Cullen v. Pinholster*, __U.S.__, 131 S.Ct. 1388, 1398-1401 (2011), this argument does not implicate a basis for reconsideration under Rule 59.

5

Accordingly, Brown's motion for reconsideration lacks merit.

## IT IS THEREFORE RECOMMENDED THAT:

1.      Brown's motion for reconsideration (Doc. #62) be DENIED; and

2.      The case remain terminated on the docket of the Court.


December 30, 2011                                    _____s/ Sharon L. Ovington_____
                                                    Sharon L. Ovington
                                                    United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).