# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| JEFFREY ANTONIO BROWN, | : | |
|---|---|---|
| Petitioner, | : | Case No. 3:08cv00477 |
| vs. | : | District Judge Timothy S. Black |
| | | Magistrate Judge Sharon L. Ovington |
| WARDEN, Lebanon Correctional Institution, | : | |
| | : | |
| Respondent. | : | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

### I.

Petitioner Jeffrey Antonio Brown is presently serving a total prison sentence of nineteen years due to his convictions in state court of several crimes, including felonious assault (two counts) and aggravated burglary (etc.). He filed this case seeking a writ of habeas corpus under 28 U.S.C. §2254. On November 7, 2011, the Court – having reviewed Brown's claims and the entire record – dismissed his petition and amended petition with prejudice. (Doc. Nos. 49, 50, 58, 60). That same day, the Clerk of Court entered the resulting judgment. (Doc. No. 61).[2]

Brown had thirty days to file a notice of appeal, *see* Fed. R. App. P. 4(a)(1)(A), but

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

[2] On November 15, 2011, Brown filed Motion for Reconsideration seeking relief under Fed. R. Civ. P. 52(b) and 59(e), which the Court denied as meritless. (Doc. Nos. 62, 65-67).

he did not do so.  Consequently, he does not have an appeal presently pending in the United States Court of Appeals for the Sixth Circuit.

The case is now before this Court upon Brown's Motion for Relief from Judgment under Fed. R. Civ. P. 60(b).  (Doc. No. 68).  His Motion is timely because he filed it within a reasonable time – specifically, within one year of the judgment date (November 7, 2011). *See* Fed. R. Civ. P. 60(c).  Brown mainly asserts:

> 5. Petitioner through inadvertence on his part failed to include in his petition his supporting facts concerning Ground Two(C) and Ground Three that, at the time the Ohio Court of Appeals for the Second District of Montgomery County decides his speedy trial issue in said court, Civ. R. 41(A) was applicable to the issue before said court.
>
> 6. Petitioner's appellate counsel through excusable neglect was unable to furnish said court with a hearing transcript of the speedy trial because the court reporter failed to transcribe one.
>
> 7. The Second District Court of Appeals failed to conduct a full and faire [sic] hearing in the state court proceedings because said [court] did not have a transcript in the state court of that speed trial issue before it. State v. Jago, 888 F.2d 399, 407 n.4 (6th Cir. 1989) . . . .
>
> 8. The [M]agistrate [Judge] failed to hold a full and fair hearing on these two Grounds for relief, sa [sic] they did not fall under the AEDPA's presumption of correctnessness [sic].  Houston v. Lockhart, 982 F.2d 1246, 1250-53 (8th Cir. 1993) (en banc) . . . .
>
> 9. The [M]agistrate [Judge] did not evaluate petitioner's speedy trial ground three of the petition under the Fourteenth Amendment's due process of law clause in rejecting this claim for habeas corpus relief. Denton v. Ricketts, 728 F.2d 489, 492 (10th Cir. 1984) . . . .

(Doc. No. 68 at ¶s 5-9) (underline in original).

## II.

Rule 60(b) of the Federal Rules of Civil Procedure states, "On motion and just terms,

the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or neglect; . . . (6) any other reason that justifies relief." Rule 60(b) retains an "unquestionably valid role to play in habeas cases." *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005).

In habeas corpus cases, a Rule 60(b) motion potentially conflicts with the restrictions on second or successive petitions set by the Antiterrorism and Effective Death Penalty Act (AEDPA). *See Gonzalez,* 545 U.S. at 531-34. The AEDPA provides, "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). The same limit applies to claims not raised in a prior habeas corpus petition with delineated exceptions. 28 U.S.C. § 2244(b)(2). And, "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. §2244(b)(3)(A).

When a habeas petitioner's Rule 60(b) motion is in substance a second or successive habeas petition, the AEDPA's restrictions apply. *Gonzalez*, 545 U.S. at 530-31.

In the instant case, the main issue is whether the AEDPA draws Brown's Rule 60(b) motion within its orbit. If so, Brown must first obtain leave from the Court of Appeals to litigate his Rule 60(b) motion in this District Court. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Gonzalez*, 545 U.S. at 530-34.

A Rule 60(b) motion "that seeks vindication of a claim" is subject to the AEDPA's restriction on second or successive petitions. *Gonzalez*, 545 U.S. at 531.

> In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new

3

> ground for relief . . . will of course qualify as presenting a "claim." *Id*. at 532. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

*Gonzalez*, 545 U.S. at 532 (italics in original; footnotes omitted).

In contrast, when a Rule 60(b) motion raised procedural claims or focuses on procedural aspects of a prior decision – exhaustion, procedural default, or statute of limitations – it does not raise a claim on the merits. *Gonzalez*, 535 U.S. at 532-33 and n.4. "If neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." *Id*. at 533; *e.g., Willis v. Jones*, 329 Fed.Appx. 7, 14 (6th Cir. 2009)(challenge to district court's statute-of-limitations calculation not on the merits of the petition and, thus, not successive).

Returning to Brown's Rule 60(b) Motion, he seeks to add factual allegations to his second and third grounds for relief due his inadvertent omission of them when presenting his petition. *See supra*, §I (¶s 5, 6). While couched in Rule 60(b) language, his motion seeks to either raise new claims or re-litigate his second and third grounds for relief with additional factual allegations. Because the Court previously addressed and found no merit in his second and third ground for relief, the AEDPA precludes further review of those claims – and Brown's Rule 60(b) Motion – in this Court unless he first obtains leave from the Sixth Circuit Court of Appeals to pursue them in a second or successive habeas petition. *See*

4

*Gonzalez*, 545 U.S. at 530-33; *e.g., Willis*, 329 Fed.Appx. at 13 (barring certain claims raised in Rule 60(b) as merit-based and, hence, successive).

Brown's remaining arguments under Rule 60(b) suffer the same short-term fate. His arguments attack this Court's prior rejection of his petition on the merits by raising arguments that he raised or could have raised in support of his petition or in objection to the Report and Recommendations. To litigate such claims in this Court he must first obtain leave from the Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Gonzalez*, 545 U.S. at 530-33.

Accordingly, Brown's Rule 60(b) Motion be transferred to the Court of Appeals.

### IT IS THEREFORE RECOMMENDED THAT:

1. Brown's Motion for Relief from Judgment under Fed. R. Civ. P. 60(b). (Doc. No. 68) be TRANSFERRED to the United States Court Appeals for the Sixth Circuit under 28 U.S.C. § 2244(b)(3)(A); and

2. The case remain terminated on the docket of the Court.

March 2, 2012

    s/Sharon L. Ovington
Sharon L. Ovington
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).