# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JEFFREY ANTONIO BROWN, | : | |
| Petitioner, | : | Case No. 3:08cv00477 |
| vs. | : | District Judge Timothy S. Black<br>Magistrate Judge Sharon L. Ovington |
| WARDEN, Lebanon Correctional Institution, | : | |
| | : | |
| Respondent. | | |

## REPORT AND RECOMMENDATION[1]

Previously in this habeas corpus case, the undersigned Judicial Officer filed a Report and an Amended Report recommending that Jeffrey Antonio Brown's Petition for Writ of Habeas Corpus be denied and that a certificate of appealability under 28 U.S.C. §2253 not issue.  (Doc. #s 49, 50).  Brown filed detailed Objections including, in part, his contention that a certificate of appealability was warranted.  (Doc. # 58).  On November 7, 2011, United States District Judge Timothy S. Black overruled Petitioner's Objections, adopted the Report and Recommendations and the Amended Report and Recommendations, denied Brown's Petition for Writ of Habeas Corpus, and denied a certificate of appealability.  (Doc. # 60).  On that same date, the Clerk of Court entered

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Judgment accordingly.  (Doc. # 61).

Brown unsuccessfully litigated a Motion for Reconsideration and a Motion for Relief from Judgment.  (Doc. #s 62-69, 72, 74).  On March 9, 2012, he filed a Notice of Appeal, and the United States Court of Appeals for the Sixth Circuit assigned him Case Number 12-3287.  (Doc. #s 70, 71).  (The Court of Appeals recently granted Brown's Motion to Voluntarily Dismiss another appeal, Case No. 12-3285.  (Doc. # 75)).

The case is presently before the Court upon Brown's Application/Motion for Issuance of a Certificate of Appealability (Doc. # 73), Brown's Motion for Leave to Appeal in forma pauperis (Doc. # 76), and the record as a whole.  Brown's Application/Motion overlooks that he has previously been denied a certificate of appealablity in this case.  (Doc. # 60).  His Application/Motion is therefore moot.  And, his Application/Motion lacks merit for the reasons previously explained.  (Doc. #s 49, 50, 60). Additionally, his Motion for Leave to Appeal in forma pauperis is moot.

Accordingly, Brown's Application/Motion is both moot and meritless.  In the event this Report and Recommendation is adopted, Brown will remain free to seek a certificate of appealability in the United States Court of Appeals for the Sixth Circuit.  *See* Fed. R. App. P. 22(b); *see also Sims v. United States*, 244 F.3d 509 (6th Cir. 2001).

## IS THEREFORE RECOMMENDED THAT:

Brown's Application/Motion for Issuance of a Certificate of Appealability (Doc. #73) and Motion for Leave to Appeal in forma pauperis (Doc. # 76) be DENIED.


April 25, 2012                                             s/ Sharon L. Ovington
                                                           Sharon L. Ovington
                                                           United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendation within fourteen days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).